UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE CONDOS AT WRIGHTWOOD PARK II, A CONDOMINIUM COMMUNITY, <br><br> Plaintiff, <br><br> v. <br><br> TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, <br><br> Defendant. | Case No. 1:19-cv-4785 |

## FIRST AMENDED COMPLAINT

Plaintiff, The Condos at Wrightwood Park II, a Condominium Community, by its undersigned attorneys, for its first amended complaint against Defendant, Travelers Casualty Insurance Company of America, states:

### FACTS

1. Plaintiff, The Condos at Wrightwood Park II, a Condominium Community ("Plaintiff" or "Wrightwood"), was and is a citizen of Illinois, being an Illinois not-for-profit corporation with its principle place of business in Chicago, Illinois, and was and is the owner of a six-unit condominium building in Chicago, Illinois ("the Building" or "the insured premises").

2. Defendant, Travelers Casualty Insurance Company of America ("Travelers"), was and is a Connecticut citizen, being a Connecticut corporation with its principle place of business in Hartford, Connecticut, was and is authorized to do business in the State of Illinois, and was and is engaged in the business of underwriting and issuing property and casualty insurance for condominium associations.

1

3. This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332 (c)(1) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this judicial district and the events giving rise to their claims occurred in this judicial district. Additionally, Travelers does business and/or transacts business in this judicial district and, therefore, it is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

5. Travelers issued to Wrightwood a property and casualty insurance policy effective December 17, 2018 to December 17, 2019 ("the insurance policy"). A copy of the insurance policy is attached as Exhibit A to the First Amended Complaint.

6. Under the insurance policy, Travelers insured Wrightwood against direct physical loss or damage to the Building caused by or resulting from fire, including smoke/soot resulting from fire.

7. On March 15, 2019, an inspection of the wall cavity behind the gas fireplace in unit 2S of the Building revealed a separated elbow connection for the b-vent flue pipe for the fireplace.

8. Prior to the March 15, 2019 inspection, and while the fireplace in unit 2S was in use (flames and heat generated from the fireplace when it was ignited), the separated elbow connection for the b-vent flue allowed for heat, smoke, and soot from the fireplace to vent into the wall cavities, ceiling cavities, and floor cavities in units 2S and 3S, as opposed to venting through the roof chimney and ultimately outside the Building.

9. Prior to the March15, 2019 inspection, Wrightwood was not aware of the separated elbow connection for the b-vent flue for the fireplace in unit 2S. Nor was it aware that heat, smoke,

and soot from the fireplace while in use had permeated into the wall cavities, ceiling cavities, and floor cavities in units 2S and 3S.

10. Wrightwood submitted a claim to Travelers under the insurance policy.

11. Travelers denied the claim for the reasons set forth in its denial letter attached as Exhibit B to the First Amended Complaint.

## COUNT I
### (Breach of Contract)

12. Wrightwood re-alleges paragraphs 1 through 11 of the Facts of the First Amended Complaint as paragraph 12 of Count I of the First Amended Complaint.

13. Wrightwood has substantially performed all post-loss conditions required by the insurance policy to be performed by it, requested of it, and/or not waived by Travelers including, but not limited to (a) paying the premium for the insurance policy, (b) giving notice of the loss to Travelers once it discovered the same, (c) cooperating with Travelers in its investigation of the loss and the subsequent claim, and (d) filing suit against Travelers within two years of discovering the loss.

14. It is Travelers' obligation under the insurance policy to pay Wrightwood for the cost to remediate smoke/soot and smoke/soot/heat-impacted building materials from wall cavities, ceiling cavities, and floor cavities in units 2S and 3S, including the cost (a) to remove and replace smoke/soot-impacted insulation and (b) to clean and seal, or to replace, wood truss members, wood sheathing, and wood framing. The scope of this remediation work will require removing and replacing drywall, flooring, appliances, and other property in order to access the cavities.

15. Although requested to do so, Travelers has failed to pay Wrightwood for the cost to remediate smoke/soot and smoke/soot-impacted building materials from wall cavities, ceiling

3

cavities, and floor cavities in units 2S and 3S as a direct loss from the flames and heat generated from the fireplace in unit 2S when it was ignited, thus breaching the insurance policy.

16. This breach of the insurance policy was and is the direct and proximate cause of damage to Wrightwood in an amount in excess of $75,000.

17. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Wrightwood is entitled to prejudgment interest.

WHEREFORE, Plaintiff, The Condos at Wrightwood Park II, a Condominium Community, prays for judgment in its favor and against Defendant, Travelers Casualty Insurance Company of America, in an amount in excess of $75,000, plus prejudgment interest and costs.

## COUNT II
**(Section 155 Relief)**

18. Wrightwood re-alleges paragraphs 1 through 16 of Count I of the First Amended Complaint as paragraph 18 of Count II of the First Amended Complaint.

19. At the time of the loss, Travelers' internal claims policies, practices, and procedures included compliance with the regulations promulgated by the Illinois Director of Insurance within Part 919 of the Illinois Administrative Code as well as compliance with sections 154.5 and 154.6 of the Illinois Insurance Code.

20. Wrightwood is entitled to an award of taxable costs under section 155 of the Illinois Insurance Code by virtue of Travelers engaging in the following vexatious and unreasonable conduct including, but not limited to:

(a) failing to pay Wrightwood for the loss within 40 days of the loss being reported to Travelers, thus constituting an unreasonable delay in paying the claim as a matter of law, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(A) of Part 919 of the Illinois Administrative Code;

(b) not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the loss and ensuing claim, a claim in which liability was reasonably clear, in violation

4

of section 154.6 of the Illinois Insurance Code and the regulations promulgated by the Illinois Director of Insurance within section 919.50 of Part 919 of the Illinois Administrative Code;

(c) forcing Wrightwood to retain legal counsel to investigate the loss and ensuing claim and to prosecute this lawsuit to recover all benefits that should have been immediately forthcoming under the insurance policy;

(d) unreasonably disclaiming coverage based on an inadequate inspection performed by its claim representative i.e., an inspection that took less than an hour, consisted of nothing more than taking photos and speaking with a unit owner, and which failed to determine the extent of the damage and the proper repair/replacement method, all contrary to its internal property claim handling guide;

(e) failing to perform a thorough policy analysis, contrary to its internal property claim handling guide;

(e) unreasonably disclaiming coverage based on exclusions for damage caused by or resulting from faulty workmanship ("the faulty workmanship exclusion") and the discharge or release of pollutants ("the pollution exclusion"), even though Travelers knew or should have known that such exclusions violate the Illinois statutorily-mandated Standard Fire Policy, which does not contain such exclusions and which insures against "all direct loss by fire", which includes smoke/soot damage resulting from fire (the phenomenon of combustion manifested in light, flame, and heat);

(f) unreasonably disclaiming coverage based on the pollution exclusion, even though Travelers knew or should have known that the exclusion applies only to damage caused by traditional environmental pollution i.e., industrial discharge or toxic waste into the environment;

(g) unreasonably disclaiming coverage based on the pollution exclusion, even though Travelers knew or should have known that the exclusion does not apply when the purported pollutants, smoke and/or soot, is caused by a "specified cause of loss", which includes fire (the phenomenon of combustion manifested in light, flame, and heat);

(h) unreasonably disclaiming coverage based on the faulty workmanship exclusion, even though it did nothing to investigate and to determine why the elbow connection for the b-vent flue separated, contrary to its internal property claim handling guide;

(i) unreasonably disclaiming coverage based on the faulty workmanship exclusion, even though Travelers knew or should have known from its internal property claim handling guide that the cost (1) to remove and replace smoke/soot-impacted insulation and (2) to clean and seal, or to replace, wood truss members, wood sheathing, and wood framing was covered under the "resulting loss" exception to the exclusion, to the extent that the separated elbow connection for the b-vent flue for the fireplace in unit 2S falls within the scope of the exclusion;

5

(j) without proper cause, wrongfully and knowingly refusing to reimburse Wrightwood for all its covered damage under the insurance policy;

(k) failing to be fair, open, and to carry out its part of the bargain under the contract in good faith, contrary to its claim handling philosophy and its internal property claim handling guide; and

(l) failing to provide Wrightwood with an excellent customer experience related to its claim, contrary to its internal property claim handling guide;

WHEREFORE, Plaintiff, The Condos at Wrightwood Park II, a Condominium Community, prays for an award of taxable costs, including reasonable attorney fees, in its favor and against Defendant, The Travelers Casualty Insurance Company of America.

**Plaintiff Demands Trial by Jury.**

/s/ Edward Eshoo, Jr.
Edward Eshoo, Jr.
Christina Phillips
MERLIN LAW GROUP
181 West Madison, Suite 3475
Chicago, Illinois 60602
Telephone: (312) 260-0806
Facsimile: (312) 260-0808
eeshoo@merlinlawgroup.com
cphillips@merlinlawgroup.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of January, 2020, a true and correct copy of the foregoing document was served upon the below counsel of record via email and US Mail:

K. Clark Schirle
Jonathan Barger
Marivel Montes
BUTLER WEIHMULLER KATZ CRAIG LLP
115 South LaSalle Street, Suite 3200
Chicago, Illinois 60603
Telephone: (312) 462-9200
cschirle@butler.legal
jbarger@butler.legal
mmontes@butler.legal

/s/ Edward Eshoo, Jr.
Edward Eshoo, Jr.
Christina M. Phillips
MERLIN LAW GROUP
181 West Madison, Suite 3475
Chicago, Illinois 60602
Telephone: (312) 260-0806
Facsimile: (312) 260-0808
eeshoo@merlinlawgroup.com
cphillips@merlinlawgroup.com